Dear Hon. Hebert:
You have requested the opinion of this office concerning whether the Iberia Parish Council ("Council") is within its rights to deny merit-based salary increases for the Chief Administrative Officer ("CAO") and other Directors, all of whom are employees of the Parish. It is our understanding that the Council had previously enacted an ordinance adopting a study performed by an outside consulting firm, which study is known as the "Archer Study." We understand that the Archer Study provides a policy for the annual evaluation of employees.[1] There is some concern that the Archer Study may limit the Council's authority to deny the merit-based salary increases at issue.
We also understand that the CAO is considered to be a director according to the Iberia Parish Charter ("Charter"). The Charter further directs that the President has the authority to set the salary of all directors, but that the salary is nevertheless subject to approval by the Council:
The salaries of the directors of the departments appointed by the President shall be set by the President subject to approval by the Council.
Section 4-01, Charter. The Charter therefore reserves the ultimate authority over the salaries of directors to the Council.
Article VI, Section 5 of the Louisiana Constitution empowers a parish to adopt a home rule charter, and specifies that such home rule charter "shall provide the structure and organization, powers, and functions of the government." La.Const. art. VI, § 5(E). "The Constitution gives the local governing authority complete discretion in the distribution of operations and authority in the charter." La.Atty.Gen.Op. No. 98-83, citing Lafourche *Page 2 Parish Council v. Autin, 648 So.2d 343 (La. 1994) and
La.Const. art. VI, § 5(E). Courts have long recognized the fundamental principle that the authority of a local governmental subdivision that has adopted a home rule charter is bound by its charter:
Pursuant to Article VI of the Louisiana Constitution, a municipal authority governed by a home rule charter possesses powers, in affairs of local concern within its jurisdiction, that are as broad as those of the state, except when limited by the constitution, laws permitted by the constitution or its own home rule charter.
Fransen v. City of New Orleans, 2008-0076 (La. 7/1/08),988 So.2d 225, 234, citing
La.Const. art. VI, §§ 4-5 and Civil Serv. Comm'n of the City ofNew Orleans v. The City of New Orleans,854 So.2d 322, 326 (La. 1993). It follows that an ordinance that violates the provisions of an applicable home rule charter is invalid ab initio. La.Atty.Gen.Op. No. 93-749, see also
La.Atty.Gen.Op. No. 86-51.
The Council adopted the Archer Study by ordinance, and it follows that the provisions of the Archer Study can have no greater legal effect than an ordinance. Given the aforementioned legal precepts, to the extent that the Archer Study conflicts with the Charter, then the Charter will prevail and the conflicting portion of the Archer Study is void and unenforceable. Even if the Archer Study purported to restrict or remove the Council's power of approval over the salaries of the CAO and other directors, such provisions would conflict with Section 4-01 of the Charter, and would be void and unenforceable. It is therefore the opinion of this office that the Iberia Parish Council is within its rights to deny merit-based salary increases for the Chief Administrative Officer and other Directors employed by the Parish.
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please do not hesitate to contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _____________________ Charles W. Belsom, Jr. Assistant Attorney General
JDC:CWB:lrs
[1] We have been unable to obtain a copy of the Archer Study, but the particular language of the Archer Study is not relevant to our analysis.